# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JENNIFER COLLEEN QUANSTROM,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cr-00642-BAS-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE (ECF No. 32)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based these amendments, Defendant Jennifer Colleen Quanstrom now files a Motion for Reduction in Sentence.  (ECF No. 32.)  The Court referred the Motion to the Federal Defenders Office for an evaluation.  (ECF No. 33.)  Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel."  (ECF No. 35.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 151–188 months (based on a base offense level of 29 and a criminal history category of VI).  (ECF No. 31.)  Defendant had 11 criminal history points, but two points were added because she was under a criminal justice sentence.  (Presentence Report ¶ 34, ECF No. 24.)  Under the new guidelines, only one point would have been added.  Thus, under the new guidelines, her criminal history category is now V instead of VI.  With a base offense level of 29 and a criminal history category of V, Defendant's new guideline range is 140–175 months.

However, at the original sentencing, the Court departed downward for fast track and for the safety valve equivalent.[1]  The Court then further varied downward and sentenced Defendant to 60 months in custody.  (ECF No. 31.)

This 60-month sentence would still be below Defendant's guideline range even after the guideline amendment was applied.  Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to

---

[1] Under *Pulsifer v. United States*, 144 S. Ct. 718 (2024), Defendant would no longer qualify for the downward departure for safety valve equivalent because she has more than 4 criminal history points, even excluding the points resulting from a 1-point offense. U.S.S.G. § 5C1.2(a)(1)(A).  Thus, she received an added benefit to which she would not now be entitled.

the low end of the amended guideline range.  In this case, the low end of the amended guideline range is 140 months.  Since the Court sentenced Defendant to a lower sentence of 60 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion for Reduction in Sentence (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 19, 2024

Hon. Cynthia Bashant
United States District Judge